| | | |
|---|---|---|
| David Cesar<br>4921 Grafton Street<br>Alexandria, VA 22312 | *<br>*<br> | IN THE<br><br>UNITED STATES DISTRICT |
| Plaintiff, | * | COURT FOR THE |
| v. | * | DISTRICT OF COLUMBIA |
| Merrick Garland, Attorney General<br>U.S. Department of Justice<br>Drug Enforcement Administration<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001 | *<br>*<br>* | |
| | * | |
| Serve on: | * | |
| Merrick Garland, Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | *<br>*<br>* | |
| Merrick Garland, Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | *<br><br>* | |
| Civil Service Clerk<br>U.S. Attorney's Office<br>District of Columbia<br>601 D Street, NW<br>Washington, DC 20579 | *<br><br>*<br><br>* | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**COMES NOW**, David Cesar, by and through his attorney, Paul V. Bennett, Esq., and Bennett Legal Services, Inc., and hereby sues the U.S. Department of Justice, Drug Enforcement Administration and states as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII").

2. That all the actions complained of herein took place at the Drug Enforcement Administration (hereafter "DEA") of the U.S. Department of Justice (hereafter the "Defendant" or "USDOJ"), in Washington, DC.

3. That at all times relevant hereto, Defendant is a federal government agency employing twenty (20) or more persons, and is an "employer" within the meaning of Title VII.

4. On August 25, 2023, Plaintiff timely filed his Merit Systems Protection Board ("MSPB") Appeal and alleged therein discrimination, retaliation and harassment that created a hostile work environment, regarding removal dated August 3, 2023.

5. On October 23, 2024, Plaintiff received the MSPB Initial Decision, which became final on November 27, 2024 (hereafter "MSPB Decision").

6. In accordance with Title VII, and the Code of Federal Regulations ("CFR"), Plaintiff properly exhausted his administrative remedies before timely filing suit.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff's race is Hispanic/Cuban/Haitian. Defendant was aware at all times herein of Plaintiff's race.

8. Plaintiff's national origin is Haitian. Defendant was aware at all times herein of Plaintiff's national origin.

9. Plaintiff has been employed by the Defendant from April 2018 until August 3, 2023. However, Plaintiff was employed by the US federal government in some capacity for over 25 years. He applied to the DEA in 20 I 6, and it took two years before he was finally hired in 2018.

10. As of August 3, 2023, Plaintiff was assigned to the Defendant's Office of Intelligence Programs, as a Program Analyst, GS-14, DEA HQ, in Arlington, VA.

11. As of August 3, 2023, Plaintiff was paid approximately one hundred and fifty thousand dollars ($150,000.00) in salary per year.

12. At the time of his removal from employment , Gregg A. Lindskoog ("Mr. Lindskoog") (race: Caucasian, national origin: USA), employed by Defendant as Section Chief with the DEA's Office of National Security and Intelligence, GS-15, DEA HQ, in Arlington, VA, served as Plaintiff's first-level supervisor.

13. Plaintiff's second-line supervisor was Tamara Wiesman ("Ms. Wiesman") (race: Caucasian, national origin: USA), Office Head of National Security and Intelligence.

14. Prior to his removal from the Office of Intelligence Programs within the Intelligence Division at DEA Headquarters in Arlington, VA, Ms. Cherly Hooper (race: non-Hispanic, national origin: USA), former Section Chief, who had direct oversight of Plaintiff, transferred him twice, including from the position he applied for.

15. From 2019 onwards, Ms. Tamara Wieseman transferred Plaintiff out of the Office of National Security Intelligence, the position and office he initially applied for.

16. In September/October of 2019, Mr. Lindskoog submitted Plaintiff's case to Office of Professional Responsibility ("OPR"), after the Intelligence Division already

3

resolved the Plaintiff's credit card matter. Plaintiff paid the credit card charges that were submitted to him. The bank that he used had a fraud prevention measure in place that prohibited payments over one thousand dollars ($1,000.00). Although Plaintiff had attempted to pay the credit card bills in a timely manner, because he was not aware at the time that his bank had rejected the charges, he did not know the payments had not gone through.

17. Plaintiff thereafter rectified the problem and paid the charges off completely by October 7, 2019, well before he was subjected to any OPR interview or investigation in 2023.

18. In 2021, Plaintiff was transferred to the Office of Intelligence Programs, where he coordinated the OD Map Program.

19. Plaintiff's conduct and job performance with the DEA were otherwise exemplary. He received Excellent/Outstanding performance reviews and had no prior disciplinary actions.

20. In a letter from Matthew W. Lankenau ("Mr. Lankenau") (race: Caucasian; national origine: USA), Chairman of DEA's Board of Professional Conduct, dated June 8, 2023, (the "Proposal Letter"), the DEA notified Plaintiff of its intention to remove him from his position as a GS-0343-14 Program Analyst pending a final decision. The charges were merely a restatement of the baseless accusations against Plaintiff submitted by Mr. Lindskoog in 2019.

21. On August 3, 2023, Plaintiff was removed from his position as a GS-0343-14 Program Analyst.

22. At all times relevant herein, Plaintiff met and/or exceeded Defendant's legitimate job expectations.

## COUNT I
## RACIAL DISCRIMINATION
### (Disparate Treatment)
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e, *et seq.*

23. Plaintiff hereby restates and incorporates paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. Plaintiff is a member of a protected class, Hispanic/Cuban Haitian, at the time of the subject discriminatory acts.

25. Plaintiff was qualified and satisfactorily performing his duties as a Program Analyst, GS-14, DEA HQ, Office of Intelligence Programs.

26. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of his race (Hispanic/Cuban Haitian)- a protected class under Title VII.

27. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*

28. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race (Hispanic/Cuban Haitian).

29. That similarly situated employees, under the same supervisory chain of Mr. Lindskoog, and outside the protected class, including, but not limited to Ms. Bridget Collie, were not subjected to the same or similar adverse employment actions that Plaintiff endured, including, but not limited to, multiple transfers, retaliation, discipline and removal.

30. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer loss of earning capacity, severe emotional distress, humiliation, mental anguish, and attorney's fees and litigation costs.

31. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiffs rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

### COUNT II
### NATIONAL ORGIN DISCRIMINATION
### (Disparate Treatment – National Origin)
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e, *et seq.*

41. Plaintiff hereby restates and incorporates paragraphs 1 through 22 of this Complaint as though fully set forth herein.

42. Plaintiff is a member of a protected class related to his national origin (Haitian), at the time of the subject discriminatory acts.

43. Plaintiff was qualified and satisfactorily performing his duties as a Program Analyst, GS-14, DEA HQ, Office of Intelligence Programs with the Defendant.

44. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of his national origin - a protected class under Title VII.

45. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*.

46. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin (Haitian).

6

47. That similarly situated non-Haitian co-workers, specifically Ms. Bridget Collie, outside the protected class were not subjected to the same or similar adverse employment actions that Plaintiff endured, including, but not limited to, being transferred multiple times, receiving unwarranted discipline, being retaliated against, and removed from his position.

48. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer loss of earning capacity, severe emotional distress, diminished professional reputation, humiliation, mental anguish, and attorney's fees and litigation costs.

49. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT III
### RETALIATION
### (Adverse Actions and Protected Activity Deterrents)
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e, *et seq*.

32. Plaintiff hereby restates and incorporates paragraphs 1 through 22 of this Complaint as though fully set forth herein.

33. From 2019 onwards, Plaintiff was continuously raising his concerns about discrimination and harassment., to include multiple transfers.

34. As a result, Plaintiff was subjected to baseless OPR investigation, and discipline.

35. On July 13, 2023, Plaintiff timely contacted Defendant's EEO Counselor and later filed a complaint with EEOC.

36. As a result, on August 3, 2023, Plaintiff was removed from his position as Program Analyst, GS-14, DEA HQ, Office of Intelligence Programs.

7

37. On August 25, Plaintiff timely filed his MSPB appeal. Plaintiff asserted therein claims under Title VII of the Civil Rights Act, and that said behavior violates the law. Said complaints constitute "legally protected activities" under Title VII.

38. The subsequent adverse employment actions, as set forth in the above-referenced facts common to all counts, amounted to illegal retaliation.

39. That the aforementioned acts of retaliation for complaining of discrimination constitute unlawful employment practices pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

40. The aforementioned legally protected activities were known by upper management to have occurred.

41. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee based upon his legally protected activities.

42. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiffs rights.

43. As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered lost wages and benefits, emotional distress, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**PRAYER FOR DAMAGES**

WHEREFORE, for the foregoing reasons, David Cesar, Plaintiff, demands judgment against the Defendant, U.S. Department of Justice as follows:

a. Reinstatement to level 14 position;

b. Compensatory damages according to proof;

c. Front pay and back pay;

d. Declaratory relief;
e. Prejudgment and post judgment interest;

f. Award attorney's fees and costs, including expert witness fees, as allowed by law;

g. And for such other and further relief as this Honorable Court deems just and equitable.

Respectfully submitted,

_____/s/_____
Paul V. Bennett, Esq. (Bar No. 10324)
Bennett Legal Services, Inc.
5457 Twin Knolls Road, Suite 300
Columbia, Maryland 21045
(410) 353-4994
pbennett@bennettlaw.net

*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

David Cesar, Plaintiff, hereby demands that this matter be tried by jury.

_____/s/_____
Paul V. Bennett, Esq. (Bar No. 10324)
